UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| P&I UNDERWRITERS SUBSCRIBING TO<br>POLICY NO. B0507 M13PP07280 | C.A. NO.: |
| VERSUS | SECTION "    " |
| ATLANTIC SPECIALTY INSURANCE CO. | DIVISION (    ) |

## COMPLAINT

**NOW INTO COURT**, through undersigned counsel, comes plaintiff, P&I Underwriters subscribing to Policy No. B0507 M13PP07280 ("P&I Underwriters"), which, for their Complaint, respectfully represent:

### PARTIES TO THE ACTION

1.

Plaintiff P&I Underwriters is a foreign insurance company, which, subject to the terms and conditions of the policy, insured L&L Marine Transportation, Inc.

2.

Defendant Atlantic Specialty Insurance Company ("Atlantic Specialty") is a foreign insurance company, which, subject to the terms and conditions of the policy, insured L&L Marine Transportation, Inc.

### JURISDICTION AND VENUE

3.

This is a maritime and admiralty claim, regarding the interpretation of a marine insurance policy. Jurisdiction is proper in this Honorable Court pursuant to 28 U.S.C. § 1333.

4.

Venue is proper in this district because the facts leading up to this coverage dispute occurred within this district.

## FACTS

5.

P&I Underwriters issued P&I Policy No. B0507 M13PP07280, with a policy period of 8th December 2013 until 8th December 2014. The P&I Policy, subject to its terms and conditions, provided P&I coverage to L&L Marine Transportation, Inc. and the M/V ANGELA RAE. The P&I Policy is attached as Exhibit "A."

6.

Atlantic Specialty issued Hull Policy No. B5JH9013313, which, subject to its terms and conditions, provided hull coverage to L&L Marine Transportation, Inc. and the M/V ANGELA RAE, including collision and towers liability. The Hull Policy is attached as Exhibit "B."

7.

On December 29, 2014, L&L Marine Transportation, Inc and its vessel, the M/V ANGELA RAE., along with multiple other parties, were sued by The Continental Insurance Company, by National Union Fire Insurance Company, and by Starr Liability and Indemnity in this Court, E.D.La C/A No. 14-2967 regarding an incident that is alleged to have occurred on or about December 29, 2013.

8.

The basis of the suit against L&L Marine Transportation, Inc. et al arises from the sinking of the M/V MISS DOROTHY. On or around December 29, 2013, three vessels including the M/V MISS DOROTHY, the M/V ANGELA RAE, and the M/V FREEDOM were tasked with transporting the barge FSB 101. The M/V MISS DOROTHY allided with the Sunshine Bridge and sank during the tow.

9.

The underwriters for the M/V MISS DOROTHY filed suit against L&L Marine Transportation, among others, for the loss of the M/V MISS DOROTHY.

10.

According to the Complaint against L&L, Paragraph 15,

On or about December 29, 2013, the M/V MISS DOROTHY, under the command of Captain Joseph Colomb, was traversing the Mississippi River with barge FSB 101, which was chartered by defendant CGB Enterprises, Inc., in tow when it allided with a portion of the bridge fender system at Pier 4 of the Sunshine Bridge located at LA 70 in St. James Parish.

11.

According to the Complaint, Paragraph 16,

At the time of the allision, the M/V MISS DOROTHY was assisting the M/V ANGELA RAE, and the M/V FREEDOM, with towage of FSB 101. The M/V ANGELA RAE was the lead tug and was responsible for coordination of the tow. Both the M/V ANGELA RAE and M/V FREEDOM were positioned behind FSB 101, pushing it down the river, and the M/V MISS DOROTHY was positioned at the head of FSB 101.

12.

L&L Marine Transportation, Inc. denies the allegations against it.

13.

The loss was presented to Atlantic Specialty. Atlantic Specialty denied coverage.

14.

The loss was next presented to P&I Underwriters. P&I Underwriters accepted defense subject to a reservation of rights. P&I Underwriters have funded and continue to fund the defense of the assured on the merits.

15.

The hull policy provides coverage for collision & tower's liability on the following terms:

**COLLISION AND TOWER'S LIABILITY**

(3)

And it is further agreed that:

(a) if the Vessel hereby insured shall come into collision with any other vessel, craft or structure, floating or otherwise (including her tow); or shall strand her tow or shall cause her tow to come into collision with any other vessel, craft or structure, floating or otherwise, or shall cause any other loss or damage to her tow or to the freight thereof or to the property on board, and the Assured, or the Surety, in consequence of the insured Vessel being at fault, shall become liable to pay and shall pay by way of damages to any other person or persons any sum or sums, we, the Underwriters, will pay [. . .]

16.

If and to the extent there is coverage for the loss under the hull policy, there is no coverage for the loss under the P&I policy. The P&I Policy provides in pertinent part:

Notwithstanding anything to the contrary contained in this policy, no liability attaches to the Assurer:
For any loss, damage, or expense which would be payable under the terms of the {Response} form of policy on hull and machinery, etc, if the vessel were fully covered by such insurance sufficient in amount to pay such loss, damage, or expense.

17.

The P&I Policy also provides excess collision & tower's liability cover, which provides as follows at Paragraph 5:

It is a condition precedent to coverage under this Endorsement that the scheduled vessel be fully insured for hull and machinery under the terms of the American Institute Hull Clauses (June 2nd, 1977) or, if a towing vessel, the Tug Syndicate Form (August 1st, 1976) 53R-1, for the full value of the vessel and that said policy, or policies, be maintained in full effect during the policy period [. . .]

18.

Though the P&I Policy provides cover for this loss under excess collision & tower's liability cover, the P&I Policy is not triggered unless and until exhaustion of the hull policy. The hull policy provides a duty to defend its insured for this loss.

19.

If and to the extent there exists a duty to indemnify L&L Marine Transportation, Inc. for this loss, it is the duty of the hull underwriters up to the limits of the hull policy.

20.

P&I Underwriters are subrogated to the rights of L&L Marine Transportation and entitled to recoup the fees paid by P&I Underwriters in defense of the claim against L&L Marine Transportation on the merits, past and future.

**WHEREFORE**, Excess P&I Underwriters pray that after due proceedings, this Court award relief and enter a judgment in favor of P&I Underwriters, holding that:

1. Atlantic Specialty owes a duty to defend L&L Marine Transportation relative to the claims brought against it in civil action no. 14-2967 referenced above;

2. Atlantic Specialty owes a duty to indemnify L&L Marine Transportation relative to the claims brought against it in civil action no. 14-2967 referenced above;

3. P&I Underwriters are entitled to recoup all fees and expenses expended toward defense of L&L Marine Transportation relative to the claims brought against it in civil action no. 14-2967.

4. Providing any general, equitable, or other relief to which P&I Underwriters are or may be entitled.

```
```

Respectfully submitted:

**DUNCAN & SEVIN, L.L.C.**

   /s/Harry E. Morse
**HARRY E. MORSE (#31515) TA**
**EMMITT L. DUBOSE III (#35113)**
400 Poydras Street, Suite 1200
New Orleans, LA 70130
Telephone: (504) 524-5566
Facsimile: (504) 524-9003
E-Mail: hmorse@duncansevin.com
E-Mail: tdubose@duncansevin.com
**Attorneys for Plaintiff, P&I Underwriters**